°ъАО 245B   (Rev 06/05) (Rev DC 12/15/05)  Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
## for the District of Columbia

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| **V.** | |
| DELMAR DWAYNE SPIER | Case Number:   08-306-02 |
| | USM Number:   43442-279 |
| | Thomas Suddath, Esquire |
| | Defendant's Attorney |

**FILED**

**JUL 2 6 2010**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## THE DEFENDANT:

☑ pleaded guilty to count(s)   one through seven of the indictment on 9/9/2009.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Defraud the United States | July 2007 | One |

The defendant is sentenced as provided in pages 2 through   **11**   of this judgment.  The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ is/are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 2, 2010
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Rosemary M. Collyer
Name of Judge

U.S. District Court Judge
Title of Judge

*23 July 2010*
Date

( N )

AO 245B     (Rev 06/05) Judgment in a Criminal Case
            Sheet 1A

| | Judgment—Page | 2 | of | 11 |

DEFENDANT:  DELMAR DWAYNE SPIER
CASE NUMBER:  08-306-02

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1031 and 2 | Major Fraud Against the United States | July 2007 | 2 through 4 |
| 18 USC 1343 and 2 | Wire Fraud | July 2007 | 5 through 7 |

AO 245B     (Rev 06/05) Judgment in a Criminal Case
            Sheet 4—Probation

DEFENDANT:  DELMAR DWAYNE SPIER
CASE NUMBER:  08-306-02

# PROBATION

The defendant is hereby sentenced to probation for a term of :

**sixty (60) months as to counts one through seven of the Indictment. The terms of this sentence shall be served concurrently.**

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☑  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   . (Rev 06/05) Judgment in a Criminal Case
    Sheet 4A — Probation

DEFENDANT:   DELMAR DWAYNE SPIER                               Judgment—Page   4   of   11
CASE NUMBER:   08-306-02

## ADDITIONAL PROBATION TERMS

The Court authorizes the transfer of probation supervision to the U.S. Probation Office in the Southern District of Texas, as well as jurisdiction of this case to the U.S. District Court for the Southern District of Texas.

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the Probation Office.

The defendant shall be monitored by location monitoring technology, specifically, Radio Frequency (RF) Monitoring, and shall abide by all technology requirement for a period of 180 days. The defendant shall pay the costs of participation in the location monitoring program. This form of location monitoring technology is ordered to monitor the following restrictions on the defendant's movement in the community as well as other Court-imposed conditions of release: The defendant is restricted to her residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; Court-ordered obligations; or other activities as pre-approved by the Probation Officer.

The defendant shall provide the Probation Office with his personal income tax returns, authorization for release of credit information, and any other business or financial information in which he has a control or interest, until all restitution is satisfied.

The defendant shall successfully complete 100 hours of community service in each year of his probationary period unless excused from the monthly requirement by the Probation Office.

The Probation Office shall release the presentence investigation report to all appropriate agencies in order to execute the sentence of the Court.

The defendant has the right to appeal the sentence imposed by this Court if the period of imprisonment is longer that the statutory maximum or the sentence departs upward from the applicable Sentencing Guideline range. The defendant must file any appeal within 14 days of the date judgment is entered. If the defendant is unable to afford the cost of an appeal, he may ask the Court to appoint counsel at no cost to him.

AO 245B    (Rev 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page __5__ of __11__

DEFENDANT: DELMAR DWAYNE SPIER
CASE NUMBER: 08-306-02

# CRIMINAL MONETARY PENALTIES

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 700.00 | $ 0.00 | $ 3,000,000.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Agency for International Development | $3,000,000.00 | $3,000,000.00 | |
| M/CFO/CAR Room 7.08 | | | |
| 1300 Pennsylvania Avenue, NW | | | |
| Washington, DC 20523 | | | |

| **TOTALS** | $ 3,000,000.00 | $ 3,000,000.00 |
|---|---|---|

☑ Restitution amount ordered pursuant to plea agreement $ 3 M

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev 06/05) Judgment in a Criminal Case
        Sheet 5A — Criminal Monetary Penalties

DEFENDANT:  DELMAR DWAYNE SPIER
CASE NUMBER:  08-306-02

## ADDITIONAL TERMS FOR CRIMINAL MONETARY PENALTIES

The defendant shall pay Restitution in the amount of $3,000.000.00, which is joint and several with Barbara Spier. Restitution payments shall be made to the Clerk of the Court for the US District Court, District of Columbia, for disbursement to the victims

The special assessment fee is due immediately and shall be paid to the Clerk of the Court for the U.S. District Court, District of Columbia. Within 30 days of any change of address, the defendant shall notify the Clerk of the Court for the US District Court, District of Columbia, of the change until such time as the financial obligation is paid in full. The Court waives the payment of interest or penalties that may accrue on unpaid balances.

The Court finds that the defendant does not have the ability to pay a fine and, therefore, waives imposition of a fine in this case.

AO 245B    (Rev 06/05) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

DEFENDANT:  DELMAR DWAYNE SPIER
CASE NUMBER:  08-306-02

## ADDITIONAL FORFEITED PROPERTY

Pursuant to Rule 32.2(a) of the Fed. Rules of Criminal Procedure, you Delmar Dwayne Spier are ordered to forfeit the following property which was identified as related to the offense of conviction: all interests in $3,000,000.00, which sum represents the proceeds of the fraud.